**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **EMMANUEL JOHNSON,** <br><br> Plaintiff, <br><br> v. <br><br> **CHARLES C. MADDOX,** <br><br> Defendant. | Civil Action No.  00-2743 (JMF) |

**MEMORANDUM OPINION**

For the reasons stated herein, <u>Plaintiff's Motion for Relief From Judgment</u> [#70] is dismissed as untimely.

**I.   PROCEDURAL HISTORY**

Plaintiff, Emmanuel Johnson, filed this action against defendant, Charles Maddox, on November 15, 2000 alleging violations of Title VII of the Civil Rights Act of 1964.  A bench trial was held on April 8, 2003 and Final Judgment was entered in defendant's favor on July 9, 2003.  On August 14, 2003, Plaintiff appealed the judgment and, on December 14, 2004, the Court of Appeals affirmed the District Court's judgment.  On September 9, 2005, plaintiff filed a Motion for Relief from Judgment ("Motion") under Federal Rules of Civil Procedure 60(b)(2) and (3).

**II.   DISCUSSION**

Rule 60(b) provides that the court may relieve a party from a judgment when there is "newly discovered evidence which by due diligence could not have been discovered in time to

move for a new trial under Rule 59(b)," Fed. R. Civ. P. 60(b)(2), or where there is "fraud, . . . , misrepresentation, or other misconduct of an adverse party," Fed. R. Civ. P. 60(b)(3). Motions for relief under Rule 60(b) "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment . . . was entered." Fed. R. Civ. P. 60(b).

In the present case, final judgment was entered on July 9, 2003. Plaintiff did not file this Motion until September 9, 2005, over a year after the expiration of Rule 60(b)'s one-year limitation. Although plaintiff filed an appeal shortly after entry of final judgment and that appeal was not ruled on until December 2004, the filing of an appeal does not toll the time for filing a motion under Rule 60(b). Goland v. Central Intelligence Agency, 607 F.2d 339, 372 (D.C. Cir. 1978); Greater Boston Television Corp. v. Federal Communications Commission, 463 F.2d 268, 280 (D.C. Cir. 1971). Accordingly, plaintiff's motion was untimely.

Rule 60(b)'s one-year limitation "does not limit the power of a court . . . to set aside a judgment for fraud upon the court." Fed. R. Civ. P. 60(b). Although the plaintiff did not argue in his moving papers that there was a fraud upon the court, it seems to be an important part of the analysis. "'Fraud upon the court' should . . . embrace only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers on the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. Fraud *inter partes*, without more, should not be a fraud upon the court, but redress should be left to a motion under 60(b)(3)." Lockwood v. Bowles, 46 F.R.D. 625, 631 (D.D.C. 1969) (citing 7 Moore's Federal Practice ¶ 60.33). In order to set aside a judgment because of fraud upon the court, "it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." Lockwood, 46

F.R.D. at 631-32. Plaintiff is requesting relief from judgment on the ground that he believes three witnesses committed perjury. Perjury alone, however, where the court and its officers are not involved, does not raise to the level of a fraud upon the court. As this court explained: "The possibility of a witness testifying falsely is always a risk in our judicial process, but there are safeguards within the system to guard against such risks. The most basic of these is cross-examination of witnesses." Lockwood, 46 F.R.D. at 632-33.

This court finds that plaintiff's allegations of perjured testimony do not raise to the level of a fraud upon the court warranting a remedy as extreme as relief from judgment, but rather, refer to testimony most properly addressed through cross-examination, presentation of contrary evidence, and argument. Accordingly, plaintiff's motion is subject to Rule 60(b)'s one-year limitation.

### III.  CONCLUSION

For the foregoing reasons, it is, hereby, **ORDERED** that Plaintiff's Motion for Relief From Judgment [#70] is **DISMISSED** as untimely.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: